**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorney for Plaintiff:
TELZY L. DENNIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| TELZY L. DENNIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NIKE, INC., a Oregon corporation,<br><br>Defendants. | Civil Docket No.:<br><br>**COMPLAINT**<br><br>(1) COPYRIGHT INFRINGEMENT;<br>(2) CONSTRUCTIVE TRUST;<br>(3) CONVERSION;<br>(4) FOR AN ACCOUNTING;<br>(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(6) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>(7) UNFAIR TRADE PRACTICES AND UNFAIR COMPETITION;<br>(8) RACKETEER INFLUENCED AND CORRUPT ORGANIZATION;<br>(9) DECLARATORY JUDGMENT;<br><br>**[Plaintiff Demands a Trial by Jury]** |

COMES NOW the Plaintiff, TELZY L. DENNIS ("Plaintiff"), who hereby respectfully alleges, avers, and complains, as follows:

Page 1
COMPLAINT

## JURISDICTION AND VENUE

1.  This action arises under Section 501 of the Copyright Act, 17 U.S.C., § 501. The Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C, § 501 and 28 U.S.C §§ 1331, 1332, 1338 (a).

2.  Defendant Nike is subject to personal jurisdiction of this Court in that it has done substantial and continued business, and continues to do substantial and continued business in the state of Texas and has invoked the rights, benefits and privileges of Texas law.

3.  Venue is also proper in the Eastern District of Texas because one or more Defendants reside or have a principal place of business in this district.

## SUMMARY OF THE ACTION

4.  This is a civil action for damages and injunctive relief in which it is alleged that Defendants infringed and continue to infringe Plaintiff's copyright in a series of shoe design patterns that incorporate original elements and ornaments ("Copyrighted Work") by distributing, selling and marketing throughout the United States certain infringing footwear and graphical work containing a spring design pattern that is identical to the Copyrighted Work.

## PARTIES

5.  At all times herein mentioned, Plaintiff Telzy L. Dennis ("Plaintiff" or "Dennis") is and has been a resident of Los Angeles County, State of California.

6.  Defendant Nike, Inc., ("Nike") is a corporation duly organized and existing under the laws of the State of Oregon with its principal place of business located in Beaverton, Oregon. Nike does continuous business throughout the United States, including in Los Angeles, California.

7.  At all times mentioned in this Complaint each defendant was acting as the agent, servant, and employee of each other defendant within the course and

scope of such agency and employment and with the knowledge, consent and ratification of each other defendant.

## FACTUAL ALLEGATIONS

8. Plaintiff is a multi-talented artist, designer, writer and producer. Plaintiff utilizes his original artistic and creative expression to create shoe patterns and ornamental elements which are generally embodied in graphical drawings that are original works of authorship fixed in a tangible medium of expression of which Plaintiff is the author.

9. Nike is engaged in the design, development, manufacture and worldwide marketing and sale of footwear, clothing and accessories. In or around 1992, Plaintiff created the Copyrighted Work, which consists of a series of shoe design patterns that incorporated original design elements and ornaments. In particular, Plaintiff created a pattern and accompanying data compilation that provided a written and graphical stencil of a shoe insole featuring plastic covered, visible springs.

10. The Copyrighted Work has been registered with the United States Copyright Office.

11. In 1993, Plaintiff was invited to submit to Nike the Copyrighted Work for the purpose of Nike's purchase, use and exploitation of the Copyrighted Work for the mutual benefit of both parties. However, Nike declined to purchase the Copyrighted Work at that time.

12. In or about 2000, utilizing the Copyrighted Work created by Plaintiff, Nike started producing, marketing and selling a shoe line featuring the identical spring design pattern and ornament originally created by Plaintiff. Nike also incorporated the Copyrighted Work into its advertising graphic materials. Nike promoted this shoe design pattern as Nike Shox (hereinafter "SHOX Line"). This SHOX Line is identical to the Copyrighted Work Plaintiff submitted to Nike in 1993.

13. Plaintiff alerted Nike that its SHOX Line was violating his intellectual property rights in the Copyrighted Work. However, Nike asserted that it did not utilize "any rights [Plaintiff] may have."

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT/TRADEMARK INFRINGEMENT)

14. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

15. Plaintiff is the owner and proprietor of all right, title and interest in the Copyrighted Work.

16. The Copyrighted Work is comprised of wholly original material and is deemed copyrightable subject matter under the copyright laws of the United States.

17. With full knowledge of Plaintiff's rights therein, Nike has infringed and continues to infringe on Plaintiff's Copyrighted Work by copying the Work onto footwear and then distributing and selling such infringing footwear throughout the United States, and by copying the Work into its advertising graphic materials. Such copying, distribution, marketing and sale by Nike were done without the consent, approval or license of Plaintiff.

18. Nike's acts identified above violate DENNIS' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, and constitute infringements of his Copyright Work. Defendants' past and continuing copying, distribution, sale and marketing of its infringing footwear and graphic advertising constitute a willful and deliberate infringement of Plaintiff's rights and is causing irreparable harm and damage to Plaintiff.

19. Defendant's conduct of infringing on Dennis' Copyrighted Work was a substantial factor in causing Plaintiff's harm by depriving him of his intellectual property, potential profits, and original artistic work.

///

## SECOND CLAIM FOR RELIEF
## (CONSTRUCTIVE TRUST)

20. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

21. By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belonged to Plaintiff.

22. Defendants are therefore involuntary trustees, holding in trust for Plaintiff the gross receipts from their product sales of the infringing materials. Defendants hold such monies and funds on behalf of and subject to a first and prior lien against all others in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

23. Plaintiff is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of the Copyrighted Work.

## THIRD CLAIM FOR RELIEF
## (CONVERSION)

24. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

25. Plaintiff claims that Nike wrongfully exercised control over his personal property by taking his Copyrighted Work and using for its own benefit and profit.

26. Plaintiff owned the Copyrighted Work of the SHOX design line.

27. Plaintiff substantially interfered with Plaintiff's property by knowingly or intentionally taking possession of the Copyrighted Work created by Plaintiff and started producing, marketing and selling a shoe line featuring the identical spring design and ornament originally created by Plaintiff.

///
///

28. Plaintiff did not consent to such an action committed by Nike. Such copying, distribution, marketing and sale by Nike were done without the consent, approval or license of Plaintiff.

29. Plaintiff was harmed by Nike's action because Nike infringed on Plaintiff's Copyrighted Work.

30. Nike's conduct was a substantial factor in the causing of Plaintiff's harm because Nike violated Dennis' intellectual property rights in his Copyrighted Work.

31. Plaintiff is informed and believes that Defendant wrongfully exercised control over Plaintiff's property and Plaintiff suffered special and general damages in an amount in excess of jurisdictional limits of this Court, in an amount according to proof.

## FOURTH CLAIM FOR RELIEF
### (FOR AN ACCOUNTING)

32. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

33. Under U.S.C Section 504, Plaintiff may recover any and all profits of Defendants that are attributable to its acts of infringement as herein alleged.

34. A balance is due from Defendant to Plaintiff for misappropriation of profits and gross receipts arising from or attributable to Nike's copying, exploitation, and use of the Copyrighted Work on footwear and graphic material and consequent violation and infringement of Dennis' copyright in the Copyrighted Work.

35. The exact amount of money due from Defendant is unknown to Plaintiff and can only be ascertained through an accounting. Plaintiff seeks an order from this Court directing Nike to provide Dennis with an accounting and payment of the amount due as result of the accounting, plus interest.

///

## FIFTH CLAIM FOR RELIEF
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

36. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff claims that Defendant's conduct caused him to suffer severe emotional distress by intentionally taking possession of the Copyrighted Work created by Plaintiff and then producing, marketing and selling a shoe line featuring the identical spring design and ornament originally created by Plaintiff.

38. Nike's conduct was outrageous because Nike knowingly and intentionally took Plaintiff's property and used it for its own benefit and profit.

39. Nike intended to cause Plaintiff emotional distress because it knew the footwear design was copyrighted and was the Plaintiff's property.

40. Plaintiff suffered severe emotional distress and the Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress because Defendant's nonconsensual use of Plaintiff's Copyrighted Work caused Plaintiff to lose significant profits to his damage.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered special and general damages in an amount in excess of jurisdictional limits of this Court, in an amount according to proof.

42. Plaintiff suffered severe emotional distress and humiliation as a direct and proximate result of Defendant's conduct including but not limited to anxiety, stress, depression, and physical sickness.

## SIXTH CLAIM OF RELIEF
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS)

43. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

44. Plaintiff claims that Defendant's conduct caused him to suffer

serious emotional distress.

45. Defendant negligently caused damage to Plaintiff's emotional well-being when Nike purposely utilized the Copyrighted Work knowingly created by Plaintiff and then started producing, marketing and selling a shoe line featuring the identical spring design pattern and ornament originally created by Plaintiff. Nike also incorporated the Copyrighted Work into its advertising graphic materials. Nike promoted this shoe design pattern as Nike Shox (hereinafter "SHOX Line"). This SHOX Line is identical to the Copyrighted Work Plaintiff submitted to Nike in 1993.

46. Plaintiff suffered serious emotional distress by losing profits as Nike took credit of the Dennis' design and claimed it as its own original concept. Nike's theft of Plaintiff's intellectual property and artistic reputation caused damage to Dennis' emotional well-being.

47. Defendant's negligence was a substantial factor in causing Plaintiff's serious emotional distress as Nike started producing, marketing and selling a shoe line that belonged to Plaintiff.

48. Plaintiff suffered severe emotional distress and humiliation as a direct and proximate result of Defendant's conduct including but not limited to anxiety, stress, depression, and physical sickness.

49. As a direct and proximate result of Defendant's conduct, Plaintiff suffered special and general damages in an amount in excess of jurisdictional limits of this Court, in an amount according to proof.

50. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and conscious disregard of Plaintiff's intellectual property rights and Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

///
///

## SEVENTH CLAIM OF RELIEF
## (UNFAIR TRADE PRACTICES AND UNFAIR COMPETITION)

51. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

52. In or around, 2000, and continuously since that date, Defendant has been publishing, selling, and otherwise marketing the Telzy Spring Light heel shoe and has grossed over $400 billion or more in profits in the last 20 years and has not paid the Plaintiff one dime.

53. Plaintiff signed a contract with the Defendant Nike Inc. to reproduce the Telzy Spring Light shoes in the contract and the Defendant agreed to pay the Plaintiff for all the shoe sales profits and will not reproduce anything similar without paying the Plaintiff. Defendant has thus been engaging in unfair trade practices and unfair competition against Plaintiff. This conduct has caused Plaintiff irreparable injury.

## EIGHTH CLAIM OF RELIEF
## (RACKETEER INFLUENCED AND CORRUPT ORGANIZATION)

54. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

55. The Racketeer Influenced and Corrupt Organizations Act, commonly referred to as the RICO Act or simply RICO, is a United States federal law that provides for extended criminal penalties and a civil cause of action for acts performed as a part of an ongoing criminal organization.
The acts performed as a criminal organization includes:

    a. Nike Inc. steals Telzy Dennis' spring shoe inventions.
    b. Money given to Kenya, since stolen by Nike Inc.
    c. Nike Inc. steals the Reebok Corporation shoe inventions.
    d. Nike Inc. steals the rock star Eddie Van Halen shoe designs.
    e. Costa Rican soccer official admits to taking bribes from Nike

Inc.

f. College basketball coaches arrested in Nike bribery cases.

g. Nike Inc. with the coach Alberto Salazar doping charges with his athletes.

h. Nike Inc.'s injustice of sweatshops and exploitation.

i. Nike Inc. sued Wal Mart Company and Adidas athletic company for the fraudulent patents that they have on the "Shox" athletic shoes.

j. FBI is eyeing Nike's youth basketball program in NCAA corruption probe busted on bribery and fraud charges in an alleged college-basketball recruiting scam.

## NINTH CLAIM FOR RELIEF
## (DECLARATORY JUDGEMENT)

56. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

57. This claims arises under the Declaratory Judgement Act, 20 U.S.C § 2201 et seq., and the patent laws of the United States, 35 U.S.C. § 1 et seq. and seeks a declaratory judgement that the Shox Patents are invalid and/or unenforceable.

58. Upon information and belief, the Defendant is the assignee and owner of The Shox Patents.

59. The claim of the Shox Patents are and have been invalid and void on the grounds that the purported inventions, attempted to be patented therein, fails to meet the conditions of patentability specified in the Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 305 of the Code.

60. A judicial declaration is necessary under the circumstances to resolve this controversy. The Plaintiff is entitled to a declaratory judgement that each

of the claims in the Shox Patents is invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. That Defendants be permanently enjoined from infringing the Copyrighted Work;
2. That Defendants be required to pay to Plaintiff such actual damages as he has sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. §504 (b);
3. That Defendants be required to account for and disgorge to Plaintiff all gains, profits and advantages derived by its copyright infringement pursuant to 17 U.S.C. §504 (b);
4. That Defendant be required to pay Plaintiff an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. §504 (c) (2);
5. That the Court declares, adjudges, and decrees that Defendant has been and is involuntary and constructive trustees, holding the gross receipts from the aforesaid exploitation of the Copyrighted Works on footwear and graphic material to the extent attributable to the Copyrighted Work or Defendant's misuse of the protectable interests of Plaintiff in the Copyrighted Work, and that Defendants hold all such monies and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff;
6. That Defendant be ordered to pay Plaintiff the costs of this action along with reasonable attorney fees pursuant to 17 U.S.C. §505; and
7. That Plaintiff is granted such further relief as the Court deems just and proper.
8. That Plaintiff be awarded general damages according to proof;

Page 11
COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

9. That Plaintiff be awarded special damages according to proof;

                        Respectfully Submitted,

Dated: June 28, 2022       THE LAW OFFICES OF GARY R. CARLIN, APC

                                 By: _____
                                    Gary R. Carlin, Esq.
                                    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: June 28, 2022  THE LAW OFFICES OF GARY R. CARLIN, APC

By: /s/ Gary R. Carlin
Gary R. Carlin, Esq.
Attorney for Plaintiff