UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELZY L. DENNIS,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC. et al.,<br><br>Defendants. | Case No. 2:22-cv-04515-SB-PD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 37] |

Plaintiff Telzy L. Dennis alleges that he copyrighted a shoe design and shared the design with Defendant Nike, Inc. in 1993, when Nike expressed interest in purchasing it. According to Plaintiff, Nike then unlawfully used the design in its "Shox" line of shoes beginning in 2000. Dkt. No. 35 ¶¶ 27–31. Plaintiff brings claims for (1) copyright infringement, (2) constructive trust, (3) conversion, (4) accounting, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) unfair trade practices and unfair competition, (8) violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, and (9) declaratory judgment. Nike moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Claims (1) through (8) as preempted by the Copyright Act, time barred, or deficiently pleaded, and moves under Rule 12(b)(1) to dismiss Claim (9) for failing to raise a case or controversy. Dkt. No. 37.

I.

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts

that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. That is, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Assuming the veracity of well-pleaded factual allegations, a court next must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

A.

The first, and central, claim of Plaintiff's complaint is that Nike infringed his copyright. Plaintiff alleges that he registered the copyright for his shoe design in December 2006 (and supplemented it on September 15, 2021 to modify the date of creation from 2006 to 1992). Dkt. No. 43 at 28–32. He claims that Nike improperly incorporated that copyrighted design into its "Shox" line of shoes. In its motion, Nike argues that Plaintiff fails to state a claim of copyright infringement and that, regardless, Plaintiff's claims are time barred. Dkt. No. 37-1.

Copyright infringement claims have two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The second element requires both "copying" and "unlawful appropriation." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). To plead unlawful appropriation, a plaintiff can allege "either that the two works in question are strikingly similar, or [] that they are substantially similar and that the defendant had access to the plaintiff's work." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 668 F. App'x 803, 803 (9th Cir. 2016). If asserting copying based on access, a plaintiff must show substantial similarity by pointing to "similarities one would not expect to arise if the two works had been created independently." *Rentmeester*, 883 F.3d at 1117. But "[c]opyright protection . . . does not 'extend to any idea, procedure, process,

system, method of operation, concept, principle, or discovery . . . .'" *Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-cv-01681, 2019 WL 3532294, at *9 (S.D. Cal. Aug. 2, 2019) (citing 17 U.S.C. § 102(b)). Thus, to show unlawful appropriation, a plaintiff must also identify the protectable elements of the copyrighted work and demonstrate how those elements are similar to defendant's work. *Id*. at *10–11.

Plaintiff adequately alleges access to his work. He asserts that he submitted his design to Nike for possible purchase in 1993, and that "Nike started producing, marketing and selling a shoe line featuring the identical spring design pattern and ornament" after Nike declined to buy his design. Dkt. No. 35 ¶¶ 12–13. However, Plaintiff fails to adequately allege substantial similarity. He vaguely describes his copyrighted work as "consist[ing] of a series of a shoe design patterns that incorporated original design elements and ornaments"—i.e., "a pattern and accompanying data compilation that provided a written graphical stencil of a shoe insole featuring plastic covered, visible springs." *Id*. ¶ 10. But Plaintiff fails to describe Nike's shoes, which is necessary to show that the designs share even "conceptual similarities" for purposes of drawing an inference of copying. *Rentmeester*, 883 F.3d at 1118. Plaintiff also fails to identify the protectable elements of his work and to "juxtapose them against those same elements in the defendant's infringing work." *Siegler*, 2019 WL 3532294, at *11. Without more information about the original and purportedly infringing designs, Plaintiff's allegations are insufficient.

These pleading deficiencies cannot be cured by submitting additional information in Plaintiff's opposition to this motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). Plaintiff provides unauthenticated photos that purportedly represent both his design and Nike's infringing Shox line of shoes. Dkt. No. 43 at 22–26. Even this information is inadequate: it is not clear which aspects of Plaintiff's shoe's design he claims is protectable; and it is not clear which line of Nike's Shox shoes is depicted or how these shoes copy protected elements of Plaintiff's work. Plaintiff also proffers additional detail about his allegations in his opposition brief, which the Court will not consider in deciding this motion.

In short, Plaintiff's complaint fails to adequately allege infringement, and this failure cannot be cured by statements in an opposition brief. In light of the pleading deficiencies, the Court is unable to determine whether and to what extent Plaintiff's claims are time barred. The statute of limitations applicable to claims of

copyright infringement is three years, 17 U.S.C. § 507(b), but under the "separate accrual rule," a party may recover for infringing acts "that accrued within the three years preceding the filing of the suit," *Seven Arts Filmed Ent. Ltd.*, 733 F.3d at 1254. While Plaintiff alleges infringement dating back more than 20 years, he also asserts that "Nike's infringing conduct is continuing and ongoing." Dkt. No. 35 ¶ 56. That conclusory assertion is deficient, but Plaintiff will have an opportunity to amend his pleading to try to state a claim of copyright infringement within the applicable limitations period.

B.

Plaintiff's second through seventh causes of action are brought under state law. Nike argues that each claim is either preempted by the Copyright Act, time barred, or deficiently pleaded. As currently alleged, these claims fail on one or more of these grounds.

1.

Plaintiff's second and fourth causes of action—for constructive trust and accounting—are preempted. The Copyright Act preempts certain state and common law claims. 17 U.S.C § 301. The Ninth Circuit has adopted a two-part test to determine if state law claims are preempted: (1) whether the subject matter of the state law claim falls within the subject matter of copyright, and (2) whether the rights asserted are equivalent to the rights under the copyright law. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1152–53 (9th Cir. 2010). Plaintiff does not allege any facts beyond copyright infringement to support these claims—just that Nike profited from its infringement and Plaintiff is entitled to those profits. The claims are therefore preempted. *See Motown Rec. Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1241 (C.D. Cal. 1987) ("[T]he facts alleged in support of separate causes of action for both the accounting and the constructive trust claims are rooted primarily on contentions that defendants infringed on plaintiffs' copyrighted work. Plaintiffs['] separate causes of action for accounting and constructive trust are therefore preempted.").[1]

[1] The constructive trust claim separately fails because it is a remedy and "not an independent cause of action." *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000).

2.

Plaintiff's third cause of action—for conversion—is also preempted by the Copyright Act. It is clear that the subject matter of this claim is the alleged copyright infringement, and that the rights asserted are equivalent to the rights under copyright law. Plaintiff alleges that the theft occurred when Nike took and used his copyrighted work and then retained profits from it. Dkt. No. 35 at 9–10. Thus, the conversion claim fails. *See Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (finding conversion claim alleging that defendants wrongfully used plaintiff's work preempted because it was "clearly equivalent to a copyright claim"); *see also Brown v. Beatty*, No. 16-cv-7666, 2017 WL 6940518, at *6 (C.D. Cal. Nov. 9, 2017) (finding on summary judgment that plaintiff's conversion claim was preempted where plaintiff sought only damages for misappropriation of intangible work).[2]

3.

Plaintiff's fifth and sixth causes of action—for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED)—are time barred. Both claims have a two-year statute of limitations. *See Rodriguez v. Saldivar*, 2020 WL 4999777, at *5 (Cal. Ct. App. Aug. 24, 2020). The statute of limitations for these claims accrues once the plaintiff suffers the alleged emotional distress. *Ellis v. Gelson's Markets*, 1 F.3d 1246, 1246 (9th Cir. 1993). Plaintiff alleges that he suffered "severe emotional distress" as a result of Nike's misappropriation and exploitation of his "Copyrighted Work." Dkt. No. 35 ¶ 63. Plaintiff does not allege a specific action by Nike within the limitations period that caused him to suffer severe emotional distress, only that "Defendant's conduct"—beginning with the alleged infringement in 2000—caused him to suffer. The claims for emotional distress filed in this action 22 years later appear to fall outside the limitations period.

Moreover, Plaintiff's conclusory allegations fail to state a claim. To state a claim for IIED, Plaintiff must show (1) Nike engaged in outrageous or extreme conduct with the intent to cause emotional distress, (2) he suffered severe emotional distress, and (3) Nike's outrageous conduct actually and proximately caused the emotional distress. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th

[2] Because Plaintiff's conversion claim is preempted, the Court need not reach the other issues raised by Nike to defeat this claim.

965, 1001 (1993). To state a claim for NIED, Plaintiff must allege that "(1) the defendant engaged in negligent conduct involving the usual issues of duty and breach, (2) the plaintiff suffered serious emotional distress, and (3) the defendant's conduct was a substantial factor in causing the emotional distress suffered by plaintiff." *Redd-Oyedele v. Santa Clara Cnty. Off. of Educ.*, No. 20-cv-00912, 2020 WL 7319404, at *4 (N.D. Cal. Dec. 11, 2020). Plaintiff describes no outrageous or extreme conduct by Nike intended to cause him emotional distress or any breach of a duty that Nike owed to Plaintiff that would support these claims. He thus fails to state a claim for both IIED and NIED.[3]

4.

Plaintiff's seventh cause of action—for "Unfair Trade Practices and Unfair Competition"—is also deficient.

The specific nature of this claim is unclear. At the core of this claim, as appears to be true of almost all other asserted claims, is Plaintiff's allegation of copyright infringement. Dkt. No. 35 ¶ 78. He states that Nike has been violating his rights to the exclusive use of his copyrighted design since 2000. *Id*. The only additional allegation is his assertion that he had entered into a contract to be paid for his design. *Id*. ¶ 79. Plaintiff then vaguely claims: "Nike has thus been engaging in unfair trade practices and unfair competition" that has "caused [him] irreparable harm." *Id*.

It is not clear whether Plaintiff alleges statutory or common law unfair competition. "The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another." *Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1263 (1992). Plaintiff's complaint alleges that Nike infringed on his design and profited from that infringement. He does not allege that Nike "passed off their goods as those of another []or that they exploit trade names or trademarks and, thus, has not stated a common law unfair competition claim." *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008).

---

[3] Plaintiff's IIED and NIED causes of action also appear to be preempted in that they rest on his allegations of infringement and do not "arise[] independently of the copyright claim." 1 Nimmer on Copyright § 1.15 (2022); *see also* *Evans v. NBCUniversal Media, LLC*, No. 21-cv-0984, 2021 WL 4513624, at *6 (C.D. Cal. July 23, 2021) (finding IIED and NIED claims preempted by the Copyright Act).

To the extent that Plaintiff intends to state a claim for unfair trade practices and unfair competition under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200–17210,[4] the claim is preempted. The UCL prohibits "unfair competition," defined as conduct that is "unlawful, unfair, or fraudulent." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022) (quoting Cal. Bus. & Prof. Code § 17200). "The UCL is a broad remedial statute that permits an individual to challenge wrongful business conduct in whatever context such activity might occur." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (citation omitted). Here, Plaintiff bases his claim primarily on the alleged unfairness of Nike's use of his copyrighted design. Thus, the claim is preempted by the Copyright Act. *Anthony California, Inc. v. Fire Power Co.*, No. 15-876, 2018 WL 11352483, at *1 (C.D. Cal. Aug. 9, 2018) (holding that the plaintiff's UCL claim is preempted if based on the infringement of copyrighted designs).

In any event, the seventh claim is barred by the four-year statute of limitations. Cal. Bus. & Prof. Code § 17208 (requiring that a UCL claim be "commenced within four years after the cause of action accrued"). Plaintiff appears to allege that he entered into a contract in 1993 to be paid for his shoe design—although it is unclear because he also claims that Nike declined to purchase his design. *Compare* Dkt. No. 35 ¶ 27, *with id.* ¶ 79. Despite this ambiguity (if not contradiction), Plaintiff clearly alleges that the wrongful act that forms the basis of his seventh claim (i.e., copyright infringement) occurred no later than by 2000. *Id.* ¶ 28, (alleging that Nike released two lines of shoes in 2000 that violated his copyrighted design). At the latest, the contract would have been signed by the date of the breach in 2000—22 years before Plaintiff filed this complaint. Accordingly, his claim is time barred.

---

[4] The UCL provides only for equitable remedies. *Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 924 (9th Cir.), *amended on denial of reh'g*, 733 F. App'x 404 (9th Cir. 2018). The Ninth Circuit has held that plaintiffs in federal court must allege that they "lack[] an adequate remedy at law before securing equitable restitution for past harm under the UCL . . . ." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). While Plaintiff conclusorily asserts only that Nike caused him "irreparable injury," Dkt. No. 35 ¶¶ 78–79, he has not shown why the legal remedies he has sought are inadequate.

C.

Plaintiff's eighth cause of action—for violation of the RICO Act—fails to state a claim.

To allege a RICO violation, a plaintiff must show "that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1248 n.5 (9th Cir. 2019). Racketeering activity is explicitly defined in the statute to include only specific kinds of conduct. 18 U.S.C. § 1961. To establish a "pattern" of such activity, a plaintiff must establish at least two acts of racketeering that occurred within ten years of each other. 18 U.S.C. § 1961(5). A person has a cause of action under RICO when their business or property was injured because of a RICO violation. The violating conduct must be both the "but for" and "proximate" cause of their injury. *Harmoni Int'l Spice, Inc. v. Hume*, 914 F.3d 648, 651 (9th Cir. 2019). The statute of limitations for civil RICO actions is four years and "begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001) (citation omitted).

Copyright infringement is not a racketeering activity under RICO. 18 U.S.C. § 1961(1)(B). But Plaintiff also alleges that Nike stole his money, bribed officials, and used sweatshops. Dkt. No. 35 at 15. The complaint contains a hodgepodge of vague allegations about "[m]oney given to Kenya, since stolen," "Nike Inc.'s injustice of sweatshops," and "[c]ollege basketball coaches arrested in Nike bribery cases." *Id*. All of these allegations are conclusory, and none is dated to allow the Court to determine whether they meet RICO's timing requirements. Moreover, none of these allegations states a causal relationship to any injury Plaintiff claims to have suffered.

Because Plaintiff has failed to allege a pattern of racketeering activity that caused him injury within the statute of limitations, he has failed to state a claim under the RICO Act.

II.

Plaintiff's final claim seeks a declaration that Nike's "Shox Patents" are invalid or unenforceable. Nike contends that the Court lacks subject matter

jurisdiction over the claim because there is no justiciable case or controversy about those patents. Dkt. No. 37-1 at 20.

The Declaratory Judgment Act (DJA) provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "case of actual controversy" requirement is the same as the "case or controversy" requirement of Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). To establish a case or controversy in a lawsuit seeking to declare a patent invalid, a court must determine whether the plaintiff has shown a "real and reasonable apprehension that he will be subject to liability." *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (quoting *Hal Roach Studios, Inc.*, 896 F.2d at 1555–56).

Plaintiff asserts—without further detail—that "Nike is the assignee and owner of The Shox Patents" and that those patents are "invalid and void." *Id*. at 16–17. Plaintiff does not identify the specific patents at issue. Nor does he allege that he intends to produce any potentially infringing items or that Nike has threatened to take action against him for violating its patents. Because Plaintiff fails to allege that he has any reason to believe he will be subject to liability based on Nike's patents, there is no case or controversy. *See Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 834 (N.D. Cal. 2009) ("In the context of a patent case, an actual controversy exists where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do.") (citation omitted).

III.

Having found that each of Plaintiff's allegations are insufficient, the Court turns to whether Plaintiff should be given leave to amend his complaint. Plaintiff requests leave to amend to "address and correct any perceived deficiencies." Dkt. No. 43 at 18. Leave to amend should be granted with "extreme liberality." *Morongo Band of Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The Court considers four factors when considering a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party "carries the greatest weight."

F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility. *Id*.

Plaintiff first brought his claims in the Eastern District of Texas in 2015, which he amended in 2017. *See Dennis v. Nike, Inc*., No. 2:15-CV-00026 (E.D. Tex. 2015). Nike asserts that Plaintiff has now had four attempts to plead his claims: twice in Texas and twice in this Court. But the amendment in the Texas case was made without an adjudication by that court and the first amendment in this forum was by consent of the parties and without an adjudicated decision. Plaintiff has not yet had the opportunity to cure the deficiencies in his complaint with the benefit of a ruling on the sufficiency of his claims. And given the liberality standard, the vagueness of the current pleading, and Plaintiff's claim that he can cure the deficiencies, the Court cannot state that leave to amend the claims would be futile (except for the "claim" for a constructive trust). *See Malibu Textiles, Inc.*, 668 F. App'x at 803–04 (reversing district court's denial of leave to amend where plaintiff could provide photos or describe elements with more specificity).

Accordingly, the motion to dismiss is GRANTED with leave to amend all but the claim for a constructive trust. Plaintiff must file any amended complaint no later than December 2, 2022. Failure to timely file will result in dismissal.

IT IS SO ORDERED.

Date: November 18, 2022

Stanley Blumenfeld, Jr.
United States District Judge